IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHRAF HASSAN-GOUDA,<br><br>Defendant. | Cr. No. 07-258-01 (JBS)<br><br>**MEMORANDUM<br>OPINION** |

**SIMANDLE,** District Judge:

This matter came before the Court upon motion of Defendant to amend release conditions [Docket Item 41], and the Court finds:

This Defendant and the Government entered into a guilty plea with a stipulated sentence pursuant to Rule 11(c)(1)(C) on April 11, 2013, whereby the Government agreed that a specific sentencing range of 10-16 months is the appropriate disposition of this case. Under Rule 11(c)(1)(C), this recommendation is binding upon the Court once it accepts the plea agreement. If the Court accepts the plea agreement, the Defendant, who has been in custody since December 11, 2011 through the present, has served over 16 months of custody, which would exceed the term of confinement as agreed to by the Government and conditionally approved by the Court. Whether the Court will impose a term of supervised release of up to one year remains to be determined at the time of sentencing, which is scheduled for June 17, 2013.

Defendant seeks to amend the release conditions that were set in the Order Setting Conditions of Release dated April 11, 2013. Namely, he is unable to satisfy the condition that his release be secured by real property in New Jersey having equity of at least $50,000, because the proposed co-signer of that bond is not the owner of the subject property, as previously believed, but rather that individual's father is the owner, who does not know the defendant and is unwilling to sign.  Further, the condition of release that defendant Hassan-Gouda must reside with a named custodian, Mr. Bahaa Said, cannot be fulfilled because Mr. Said's residence is too small and includes Mr. Said's family.

The Court is willing to relinquish these conditions pertaining to the posting of security for the $50,000 bond and regarding the appointment of Bahaa Said as the custodian.  The Court is mindful that Mr. Hassan-Gouda is a flight risk, as he previously fled this jurisdiction for four years to avoid facing charges in the indictment against him.  On the other hand, further detention awaiting sentencing contains a risk that his total term of confinement awaiting sentencing will exceed the sentence that the parties will jointly recommend to the Court under Rule 11(c)(1)(C), above.

On balance, the Court will retain the requirement of a $50,000 bond in paragraph 6 of the Order Setting Conditions of Release, but shall not require that bond to be co-signed or

secured. Similarly, in paragraph 7 of the Order, the Court will delete the requirement of this Defendant residing with the named custodian at the custodian's residence.

Similarly, in paragraph 8(i) of the Order, the Court will delete the requirement that the Defendant live with Custodian at (7) above. The Court will retain the requirement for no travel outside New Jersey, as well as the requirement in paragraph 8(s)(ii) for home detention, so long as the residence is pre-approved by Pretrial Services, as required in paragraph 8(v) of the Order. In addition, the Defendant shall submit to location monitoring as directed by Pretrial Services, which shall be made an explicit condition of his release.

The Court is confident that this overall set of conditions, combined with the fact that additional punishment awaits if Mr. Hassan-Gouda flees or otherwise violates his conditions of release, is sufficient to satisfy the requirements for protecting the community and assuring the defendant's appearance at sentencing.

The accompanying Amended Order Setting Conditions of Release will be entered.

April 22, 2013
Date

JEROME B. SIMANDLE
Chief U.S. District Judge

3